UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

___

**BUILDING TRADES UNITED PENSION TRUST FUND**
**and DOUG EDWARDS (in his capacity as Trustee),**

  **Plaintiffs,**

 v.           Case No. 23-cv-411

**INTERSTATE ERECTING, INC.,**

  **Defendant.**

___

**COMPLAINT**
___

 NOW COME the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdictional and Venue

 1. Jurisdiction of this Court upon Defendant Interstate Erecting, Inc. (hereinafter referred to as "Interstate Erecting") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. §185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-

Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Interstate Erecting is engaged in business with its principal place of business located in Milwaukee County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Trust Fund ("Pension Fund") is an employee benefit plan within the meaning of §§ 3(2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Doug Edwards is a Trustee and a fiduciary of the Pension Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Doug Edwards maintains an office at 3300 South 103rd Street, Milwaukee, WI 53227.

5. Interstate Erecting is a domestic corporation organized under the laws of Wisconsin, engaged in business with principal offices located at 3925 East American Way, Oak Creek, Wisconsin 53154. The company's registered agent for service of process is Gary A. Wegner, 3925 East American Way, Oak Creek, Wisconsin 53227.

## Facts

6. Interstate Erecting is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

7. For all times relevant, Interstate Erecting was and remains a party to, and agreed to abide by, the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the Iron Workers Local 8.

8. The Labor Agreements described herein contain provisions whereby Interstate Erecting agreed to make timely payments to the Plaintiff's trust funds for each employee covered by said Labor Agreements.

9. By execution of said Labor Agreements, Interstate Erecting adopted the trust agreements and amendments thereof which establish and govern the Pension Fund and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

10. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust fund, Interstate Erecting has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the Pension Fund for each employee covered by the aforementioned Labor Agreements;

b. to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Pension Fund pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the Trustees in administering the Pension Fund in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

f. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

11. Interstate Erecting has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a. failing to make continuing and prompt payments to the Pension Fund as required by the Labor Agreements and trust agreements for all of Interstate Erecting's covered employees; and

–4–

  b.  failing to accurately report employee work status to the Plaintiffs.

12. Section 502(g)(2) of ERISA, as amended by the MPPAA provides:

 (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

 (A) the unpaid contributions,

 (B) interest on the unpaid contributions,

 (C) an amount equal to the greater of --

  (i) interest on the unpaid contributions, or

  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

 (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

 (E) such other legal or equitable relief as the court deems appropriate.

For the purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

13. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

14. Under the Labor Agreements between Interstate Erecting and Iron Workers Local 8, contributions are due by the end of month in which the work was performed, but no later than the fifteenth (15th) day of the following month, after which time the employer

is delinquent and assessed liquidated damages equal to 20% of the unpaid contributions, plus interest equal to 1.5% of the unpaid contributions per month.

15. Despite demands that Interstate Erecting perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted and refused to make those payments. Interstate Erecting is now indebted to the Pension Fund as follows:

<u>Audit Period: January 1, 2018 through December 21, 2019</u>:

| | |
|---|---|
| Building Trades United Pension Trust Fund | $48,828.25 |

<u>Audit Period: January 1, 2020 through December 21, 2020</u>:

| | |
|---|---|
| Building Trades United Pension Trust Fund | $47,292.90 |

<u>Audit Period: January 1, 2021 through June 30, 2022</u>:

| | |
|---|---|
| Building Trades United Pension Trust Fund | $109,839.84 |

<u>Unaudited Period: July 1, 2022 to the Present</u>:

| | |
|---|---|
| Building Trades United Pension Trust Fund | Unknown |

**Claim One - Against Defendant Interstate Erecting, Inc.
Violation of ERISA §§ 502 and 515 (29U.S.C. §§ 1132 and 1145)**

16. As and for a claim for relief against Interstate Erecting, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. Interstate Erecting has breached its Labor Agreements with the Iron Workers Local 8 by failing to remit timely contributions to the Plaintiffs for all acknowledged hours that they worked during the period January 1, 2018, through June 30, 2022.

18. Because, as the Pension Fund is informed and believes, Interstate Erecting has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Pension Fund's trust funds is reduced as well as the Fund's income, which effects the ability for the Pension Fund to pay benefits to qualified participants and beneficiaries. Consequently, ERISA and the Pension Fund's employee benefit plan has been violated, and the Pension Fund is entitled to all of the remedies provided by ERISA.

19. Because Interstate Erecting has failed to make timely and prompt contributions, some of the Pension Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

20. As the third-party beneficiaries of the Labor Agreements between the Iron Workers Local 8 and Interstate Erecting, the Pension Fund is entitled to recover, for the unpaid contributions described in paragraphs 14 and 15 of the Complaint, an amount equal to the full unpaid contributions, plus interest at 1.5% per month, plus liquidated damages equal to 20% of the full unpaid contributions.

**WHEREFORE**, the Pension Fund demands the following relief:

1. Judgment on behalf of the Fund and against Interstate Erecting as follows:

    A. For $48,828.25 representing liquidated damages due the Pension Fund for the audit period January 1, 2018 through December 31, 2019;

B. For $47,292.90 representing liquidated damages due the Pension Fund for the audit period January 1, 2020 through December 31, 2020;

C. For $109,839.84 representing contributions, interest and liquidated damages due the Pension Fund for the audit period January 1, 2021 through June 30, 2022;

D. For unpaid contributions, interest and liquidated damages owed to the Pension Fund for the period July 1, 2022 through the date this action was commenced;

E. For contributions, interest and liquidated damages owed to the Pension Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

F. Reasonable attorney fees and the costs of this action.

2. For such other, further or different relief as the court deems just and proper.

Dated this 29th day of March, 2023.

/s/ Christopher J. Ahrens
Christopher J. Ahrens (SBN 1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue
Suite 100 MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorneys for Plaintiffs